UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80825-CIV-MARRA

DANIEL LUGO,

    Plaintiff,

vs.

COCOZELLA, LLC, and MAC ACQUISITION
OF DELAWARE, LLC,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion to Strike Defendants' Third Through Seventh Affirmative Defenses to Plaintiff's Complaint and Incorporated Memorandum of Law (DE 9). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff filed his Complaint (DE 1) for injunctive relief pursuant to the Americans with Disabilities Act [hereinafter "ADA"], 42 U.S.C. § 12181 *et seq*, on August 3, 2012. On September 10, 2012, Defendants filed their Answer and Affirmative Defenses (DE 7). Plaintiff now moves to strike the third through seventh of those defenses. For the reasons that follow, Plaintiff's motion is granted in part, and denied in part.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored by courts, however, because "the courts consider striking a pleading to be a drastic remedy to be resorted to only when required for the purposes of justice." *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (internal quotations and citations omitted). That said, "an affirmative defense

may be stricken if the defense is insufficient as a matter of law." *Id.* (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). "A defense is insufficient as a matter of law only if 1) on the face of the pleadings, it is patently frivolous, or 2) it is clearly invalid as a matter of law." *Id.*

Defendants' third affirmative defense, entitled "COMPLIANCE," presents a factual dispute over when the subject property was constructed or converted to its present use. While Plaintiff's Complaint alleges that "[t]he restaurant/bar was built after the effective date of the ADA and therefore the 'new construction' standard, structural impracticability, and not the 'readily achievable' or 'technically infeasible' standard, is applicable," (DE 1 at 6 n.4), Defendant's third affirmative defense suggests that "[t]he subject property was constructed or converted to its present use prior to the effective date of Title III of the ADA . . . ." (DE 7 at 4). In other words, Defendant denies that the "structural impracticability" standard applies and argues instead for application of the "readily achievable" standard. "[W]hen a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Advance Concrete Materials, LLC v. Con-Way Freight, Inc.*, No. 09-80460-CIV, 2009 WL 2973265, at *2 (S.D. Fla. Sept. 11, 2009) (internal quotations and citation omitted). Thus, the Court will treat Defendants' third affirmative defense as a denial—not an affirmative defense.

Defendants' fourth affirmative defense, entitled "NOT READILY ACHIEVABLE," states that "Defendant reserves the right to raise the ['readily achievable'] affirmative defense if, after taking discovery, it should determine said defense is warranted." (DE 7 at 5). Defendants seek to reserve this right because—according to them—Plaintiff has been unspecific in his allegations and may make additional demands after discovery. To the extent that Defendants' fourth affirmative

defense implicitly argues for application of the "readily achievable" standard, the Court treats it the same as the third affirmative defense: as a denial, not an affirmative defense. Moreover, the Court finds that the resultant duplicative nature of the fourth affirmative defense does not warrant striking it because the redundancy does not prejudice Plaintiff. But to the extent Defendants seek to reserve the right to raise this "affirmative defense" if Plaintiff is allowed to "add additional allegations without seeking leave to amend" under paragraph 13 of the Complaint, the Court finds such reservation unnecessary.[1] If Defendants learn that Plaintiff is asserting new claims, at that time they may seek leave to amend their answer.

Defendants' fifth affirmative defense, entitled "HEALTH AND SAFETY," similarly states that "Defendant reserves the right to assert the statutory defense that the relief sought would cause unreasonable risk to the safety or health of others or would violate the health[,] safety, building or land use laws of the jurisdiction in which it is located." (DE 7 at 5). For the reasons stated above with respect to Defendants' fourth affirmative defense, Defendants have no need to reserve the right to raise a contingent defense. Thus, Defendants' fifth affirmative defense is stricken.

Defendants' sixth affirmative defense, entitled "NON-RECOVERABLE ATTORNEY FEES," provides,

> On information and belief, Plaintiff is engaged in a scheme of filing

---

[1] Paragraph 13 of the Complaint, which Defendants point to as the basis for their need to reserve the right to raise a contingent defense, reads,

> The above listing [of ADA violations] is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Although the above listing, in and of itself, denied Plaintiff, due to his disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires a full and complete inspection of the Property; with full access thereto, in order to determine all of the Defendants' discriminatory acts violating the ADA relevant to Plaintiff's disabilities.

3

> unjustified law suits against Florida Businesses for his own financial gain, in circumvention of the ADA's prohibition against monetary damage awards, which his counsel knew or reasonably should have known. Such suits are contrary to Florida law and public policy and attorney fee agreements made in furtherance thereof are unenforceable as likewise being contrary to law and public policy.
> WHEREFORE Plaintiff's claim for attorney's fees and litigation expenses should be denied or limited as required by law.

(DE 7 at 5–6). Defendants' sixth affirmative defense is stricken because Defendants may address the issue of attorneys' fees and costs after the disposition of Plaintiff's claim; an affirmative defense is not the appropriate vehicle for this argument.

Defendants' seventh affirmative defense, entitled "INEQUITABLE CONDUCT CONTRARY TO STATUTE," suggests that Plaintiff's claims for relief and expenses should be denied or limited because Plaintiff has unnecessarily complicated this litigation by not giving Defendants "prior notice." Defendants' implication that such notice could have provided an alternative means of dispute resolution is irrelevant: "pre-suit notice is not required for Title III ADA claims." *Ramnarine v. RG Grp., Inc.*, No. 12-80264-CIV, 2012 WL 2735340 (S.D. Fla. July 9, 2012) (citing *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359–60 (11th Cir. 2006)). Thus, Defendants' seventh affirmative defense is stricken.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendants' Third Through Seventh Affirmative Defenses to Plaintiff's Complaint and Incorporated Memorandum of Law (DE 9) is **GRANTED IN PART AND DENIED IN PART**. The Court will treat Defendants' third affirmative defense as a denial. The fourth affirmative defense will be treated as a denial to the extent that it argues for application of the "readily achievable" standard, and **STRICKEN** to the extent that it reserves the right to raise a contingent defense. Defendants' fifth,

six, and seventh affirmative defenses are **STRICKEN.**

DONE AND SIGNED in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th  day of November, 2012.

_____
KENNETH A.  MARRA
United States District Judge

Copies furnished to:

All counsel